# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| JAMES MACDOWELL BOONE,<br>　　　Plaintiff,<br><br>v.<br><br>MIKE SPARE, et al.,<br>　　　Defendants. | No. 3:10-CV-162<br>(Phillips) |

## MEMORANDUM OPINION

On April 20, 2010, the Honorable H. Bruce Guyton, filed a Report and Recommendation (R&R) [Doc. 3] in which he recommended that plaintiff's complaint be dismissed under 28 U.S.C. § 1915, as frivolous, for failure to state a federal claim upon which relief can be granted.

This matter is presently before the court on plaintiff's objections to the R&R [Doc. 4]. As required by 28 U.S.C. § 636(b)(1), the court has now undertaken a *de novo* review of those portions of the R&R to which plaintiff objects.

Plaintiff objects to the magistrate judge's conclusion that there is no diversity of citizenship in this case. In his handwritten complaint, plaintiff states that he is a resident of the State of Tennessee domiciled in the State of Louisiana. Plaintiff also states that the

defendants are residents of the Commonwealth of the State of Kentucky.  In his demand for relief, plaintiff has asked for damages of $1,000,000.  28 U.S.C. § 1332(a)(1) provides that the federal courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states."  Based upon the statements contained in plaintiff's complaint, the court finds that plaintiff has alleged the elements for diversity jurisdiction under § 1332(a)(1), but that will not save the complaint from dismissal.

Plaintiff has filed a form "Complaint" alleging a violation of 42 U.S.C. § 1983. The handwritten claims or allegations therein are virtually impossible to understand or comprehend and are devoid of any grounds, facts or allegations.  it is impossible for the court to determine what is being contended or the facts upon which any "claim" is made or the nature of any "claim" being made.  It does not appear that plaintiff's complaint states any legally cognizable claim under the Constitution or under 42 U.S.C. § 1983 or any other federal statute.  The plaintiff does not appear to state any violation of any federal rights or violation of any constitutional rights.  Nor does the complaint state a claim under Tennessee law.  Certainly, none can be deciphered from the complaint by the court.

Accordingly, the court finds itself in agreement with Magistrate Judge Guyton that plaintiff's complaint fails to state any legally cognizable claim under the Constitution or under 42 U.S.C. § 1983, or any other federal statute, or under Tennessee law.  If a complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true

substance, if any, is well disguised," the district court may dismiss the complaint. *Huang v. Shiu,* 124 F.R.D. 175, 177 n.3 (N.D.Ill. 1988)

For the foregoing reasons, as well as the reasons articulated by Magistrate Judge Guyton in his R&R, plaintiff's objection to the R&R [Doc. 4] is hereby **OVERRULED.** Accordingly, this action is **DISMISSED**.

**IT IS SO ORDERED.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge